IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HECTOR ZUNIGA,

        Petitioner,

vs.                                                                             No. CIV 10-756 MV/LFG

RAY TERRY, Otero County
Processing Center,

        Respondent.

**MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION[1]**

THIS MATTER comes before the Court on Respondent's Motion for Summary Judgment [Doc. 7]. Petitioner Hector Zuniga ("Zuniga") did not request an extension of time to respond and did not file a response within the allotted time.

While this district's local rules provide that failure to fail and serve a response to a motion within the time prescribed constitutes consent to grant the motion, D.N.M.LR-Civ. 7.1(b), the Tenth Circuit does not permit a grant of summary judgment solely on the ground that the motion is uncontested. Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002). Nevertheless, by failing to file a response, Zuniga waived the right to respond or controvert the facts asserted in the summary judgment motion. Id., at 1195. The Court therefore examines Respondent's submissions to determine whether he has met his burden of demonstrating lack of a genuine issue of material fact.

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the 14-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

In his Petition for Habeas Corpus, Zuniga states that he has been in detention since January 5, 2010 and that he is currently awaiting a decision on his appeal of an order of removal entered by an Immigration Judge on July 23, 2010. [Doc. 1, at 1]. He argues that his prolonged detention with out a bond hearing is unconstitutional and asks that he be granted a bond hearing and/or immediate release from custody. [Id., at 2].

Rather than filing an Answer, Respondent filed a Motion for Summary Judgment, arguing that Zuniga's detention is lawful because he is a criminal alien being held under the "no bond" provision of 8 U.S.C. § 1226(c), and further that Zuniga's pre-final order detention has not been so prolonged that it violates due process. [*See generally*, Doc. 7].

## Factual and Procedural Background

Zuniga is a native and citizen of Mexico and has had Lawful Permanent Resident status in the United States since 1989. [Doc. 7, Att. 1, at hz00001-hz000002 ("R.Ex at 1-2")].[2]

Zuniga was taken into custody by Immigration and Customs Enforcement ("ICE") on December 23 or 24, 2009. At that time, he was being held in the Riverside (California) County Jail on a charge of shoplifting. During this detention, he was questioned by a Department of Homeland Security officer, and he answered the officer's questions about his background. Because he had previously been convicted of a felony under California state law (taking a vehicle without the owner's consent) in February 2002 and he acknowledged that he was not a United States citizen, ICE detained him under 8 U.S.C. § 1226(c) as a criminal alien, pending removal proceedings. [R.Ex at 2-3, 68-69].

---

[2]All exhibits to Respondent's Motion for Summary Judgment [Doc. 7] are included in one attachment, with pages numbered hz000001 to hz000137. For the sake of brevity, the Court will hereinafter refer to these exhibits in the format "R.Ex at 45," referring to "Respondent's Exhibit, at p. hz000045."

On December 28, 2009, Zuniga was served with a Notice to Appear for removal proceedings before an Immigration Judge in El Paso, Texas. [R.Ex at 3]. At his first immigration hearing on February 4, 2010, Zuniga asked through counsel for a continuance of the proceedings, as he was seeking post-conviction relief in California. The hearing was reset for March 18, 2010. [R.Ex at 8-10].

At the March 18 hearing, counsel informed the Immigration Judge that Zuniga would be contesting the factual allegation concerning the California conviction, and would probably also contest his alien status. The hearing was therefore continued until May 19, 2010 with exhibits and briefs due May 3. [R.Ex. at 11-18]. On May 3, Zuniga's counsel filed a Motion to Suppress Evidence and Terminate Proceedings. [R.Ex. at 61-84]. In his Motion to Suppress, Zuniga asked the Immigration Court to suppress all statements made by Zuniga during the five days he was detained at the Riverside County Jail.

For reasons undisclosed in the record, at some point the May 19 hearing was re-set for June 23, 2010. At the June 23, 2010 hearing, the Immigration Judge denied the Motion to Suppress. [R.Ex. at 30-35]. Zuniga's counsel also challenged the prior criminal conviction, but the Immigration Judge rejected the argument and found that the government met its burden of establishing the prior California conviction for taking a vehicle without the owner's consent, that the sentence exceeded one year, and that the offense was a theft offense. [R.Ex. at 35-48]. The judge therefore entered an order of removal on June 23, 2010. [R.Ex. 52-60].

Zuniga appealed the removal order to the Board of Immigration Appeals ("BIA") on July 23, 2010. [R.Ex. at 113-117]. His attorney filed a Brief in Support of Appeal on September 8, 2010. [R.Ex. at 123-137]. As far as this Court has been advised, the appeal remains pending.

On August 13, 2010, between the filing of the notice of appeal to the BIA and the time the

appellate brief was submitted, Zuniga filed the present federal habeas petition. He is proceeding *pro se* in this habeas matter.

## **Discussion**

As noted above, Zuniga is being held under 8 U.S.C. § 1226(c), which provides that persons detained thereunder as criminal aliens "shall" be taken into custody, that they are not generally entitled to a bond hearing, and that they may be released only under certain narrow circumstances, not applicable in the present case. In his Motion for Summary Judgment, Respondent notes that the Supreme Court held in Demore v. Kim, 538 U.S. 510 (2003), that detention under § 1226(c), as described above, is not *per se* unconstitutional. [Doc. 7, at 4-6].

As Respondent concedes, however, the Supreme Court in Demore did not specifically address whether, in a particular case, mandatory detention under § 1226(c) could ever violate due process. Respondent further notes that the language in Demore regarding the brevity of the average period of pre-final removal order detention, and the fact that such detention has a definite termination point, could be read as implying a constitutional limit to the duration of detention. [Doc. 7, at 6]. Several courts have so found:

> [A]lthough detention under § 1226(c) is not indefinite in that there will, at some point, be an end to removal proceedings, the holding of Demore that mandatory detention is constitutional cannot be divorced from the Supreme Court's observation that such detention is of a relatively short duration. The Demore court repeatedly qualified its holding by noting that mandatory detention is constitutionally permissible for the "brief," "limited," and "temporary" period necessary for removal proceedings. When it moves beyond the brief and limited period reasonably necessary to accomplish removal proceedings, mandatory detention is inconsistent with both the due process required by the Constitution and the statutory purposes of the INA [*i.e.*, the Immigration and Naturalization Act].

Alli v. Decker, 644 F. Supp. 2d 535, 539-40 (M.D.Pa. 2009) (internal citations omitted).

Respondent argues, however, that in this case, Zuniga's detention has not been unreasonably prolonged. The Court agrees.

Zuniga was first taken into ICE custody in late December 2009. He has therefore been held for approximately nine and a half months. During that period, Zuniga's removal hearing was postponed three times, all of which appear to have been at Zuniga's request. After the order of removal was entered on June 23, 2010, Zuniga waited until the last day of the filing period to file his Notice of Appeal with the BIA. He then waited until the last day of the filing period to file his appellate brief. While "aliens 'should not be effectively punished for pursuing applicable legal remedies,'" nevertheless the Court should consider the role of the alien himself in contributing to any delay, Alli v. Decker, *supra*, at 544-45; Ly v. Hansen, 351 F.3d 263, 272 (6th Cir. 2003). The Court should also consider any dilatory conduct on the part of the Government.

In this case, there is no indication that the Government was responsible for the length of Zuniga's detention. Proceedings were brought promptly, and the Immigration Judge made an oral ruling on the day the hearing eventually took place. That ruling occurred three months ago and, as noted above, Zuniga's appellate brief was not filed until September 8, 2010, approximately six weeks ago.

The Supreme Court noted that in cases where aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days, and "[i]n the remaining 15% of cases, in which the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals, appeal takes an average of four months." Demore v. Kim, *supra*, at 529. It appears, therefore, that Zuniga's period of detention has not "extended beyond the average times necessary for completion of removal proceedings which were identified in Demore," another factor courts should consider in determining whether the detention violates due process. Alli v. Decker, *supra*,

at 543.

Other factors the Court should consider include the probable extent of further removal proceedings and the likelihood that removal proceedings will actually result in removal. Alli v. Decker, *supra*, at 543-45; Ly v. Hansen, *supra*, at 271-72. The Court cannot predict how long Zuniga's appeal proceedings will continue before the BIA, but at this point there is nothing to indicate that the appeal will extend beyond the presumptively proper four-month period. In addition, Zuniga has been ordered removed to Mexico, and there is no indication that the removal cannot be effected if and when the removal order becomes final.

The Court therefore recommends that Zuniga's petition be dismissed without prejudice. If his detention pending appeal becomes prolonged beyond a reasonable period, he is free to file another habeas petition. At this point, the Court finds that his detention does not violate due process.

## **Recommended Disposition**

That Respondent's Motion for Summary Judgment [Doc. 7] be granted, and that the Petition for Writ of Habeas Corpus be denied and this action dismissed without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge